UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CREAMER BROTHERS, INC, ET AL | CIVIL ACTION NO. 22-cv-6110 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| GENERAL CASUALTY CO OF WISCONSIN | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Two LLCs and a corporation filed suit in state court against an insurer based on a claim related to damage to two large metal roofs. Defendant General Casualty Co. of Wisconsin removed the case based on an assertion of diversity jurisdiction. It alleged that the only member of the LLCs identified on the secretary of state's website is Robert N. Creamer. The secretary of state does not always have current information regarding the identity of members of an LLC. **If either of the LLCs had a member or members other than Robert N. Creamer at the time suit was filed in state court or at the time of removal, Plaintiffs must file a disclosure statement that lists those members and alleges their citizenship with specificity. They are allowed 14 days** to do so. If no disclosure statement is filed within that time, it will be deemed an admission by the LLCs that Robert N. Creamer is the sole member of each LLC.

General Casualty recognizes in its notice of removal that a person such as Mr. Creamer is a citizen of the state where he is domiciled. The notice then alleges that Mr. Creamer is a "resident" of Louisiana and therefore a citizen of Louisiana. However, residency and domicile are not synonymous. It is domicile rather than mere residency that

decides citizenship for diversity purposes, and "an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" Midcap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984). A person may reside in multiple states simultaneously, but "[a]n individual who resides in more than one State is regarded, for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State." Wachovia Bank v. Schmidt, 126 S. Ct. 941, 951 (2006). That is the state in which the person is domiciled. Id.; Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 451 (5th Cir. 2003).

**If Mr. Creamer contends that he is a domiciliary/citizen of a state other than Louisiana, he must file a disclosure statement within 14 days** and expressly state the state in which he is domiciled and thus a citizen. If no disclosure statement is filed within that time, it will be deemed an admission by Creamer that he is a citizen of Louisiana.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of December, 2022.

Mark L. Hornsby
U.S. Magistrate Judge